UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JENNIFER L. THOMAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 1:08-cv-0042-WTL-TAB |
| ) | |
| BOWMAN HEINTZ BOSCIA & VICIAN, ) | |
| P.C., ) | |
| ) | |
| Defendant. ) | |

**ORDER ON PLAINTIFF'S MOTION TO COMPEL**

**I.     Introduction.**

In this Fair Debt Collection Practices Act ("FDCPA") case, Plaintiff moves to compel Defendant to produce: (1) a copy of collection/fee agreements between Defendant and its creditor client, HSBC Bank Nevada ("HSBC"); (2) a copy of the agreement between Defendant and the National Attorney Network referral service ("NAN"), through which Plaintiff's account was referred to Defendant; (3) the identity of Defendant's contact person at HSBC; (4) a copy of credit reports that Defendant pulled or made on Plaintiff; and (5) a copy of all imaged documents Defendant has related to Plaintiff. [Docket Nos. 29, 31.][1] If the Court grants Plaintiff's request for the agreements, Defendant asks for a protective order to prevent their disclosure to persons not associated with this case, and to limit Plaintiff's use of them to this case alone. [Docket No. 30 at 5.] Plaintiff does not object to such conditions, but does question the necessity of a

---

[1]Plaintiff also asks the Court to extend the discovery deadline [Docket No. 29] and to order Defendant to produce three witnesses for deposition. [Docket No. 31 at 6.] The Court already granted the extension of time [Docket No. 32], and has since learned that the depositions have been taken. [Docket No. 35.]

protective order.  [Docket No. 31 at 5, n.2.]  For the foregoing reasons, Plaintiff's motion to compel [Docket No. 29] is granted in part and denied in part.  Defendant's request for a protective order [Docket No. 30] is granted in part and denied in part.

**II.   Background.**

Plaintiff contends that Defendant: (1) falsely stated that Plaintiff owed a debt because the debt was discharged in bankruptcy; and (2) communicated directly with Plaintiff, who Defendant knew or should have known was represented by an attorney.  [Docket No. 1.]  Defendant denies the allegations, and alternatively asserts the affirmative defense of bona fide error.  [Docket No. 18.]  Under the FDCPA, a debt collector may be exempted from liability if it can demonstrate that an alleged violation was "not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error."  15 U.S.C. § 1692k(c).  At issue is whether Defendant maintained reasonable procedures to avoid errors.

**III.   Discussion.**

   **A.   The Agreements.**

Plaintiff seeks Defendant's agreements with HSBC and NAN, arguing that each agreement may contain information about processes and procedures Defendant maintained (or did not maintain) to prevent errors in handling accounts in bankruptcy.  [Docket No. 31.]  Defendant asserts that both agreements are "privileged and/or irrelevant to these proceedings and should not be ordered to be produced."  [Docket No. 30 at 1.]

      **1.   Relevance.**

Defendant contends that its alleged FDCPA violations resulted from a bona fide error.  Defendant contends that the merit of its bona fide error defense is "entirely independent of what communications [Defendant] may have had with its client," because "FDCPA liability of a party

2

. . . rests solely and entirely on the debt-collector's own actions and not that of its client." [Docket No. 30 at 4.]  This argument is not persuasive.

Federal Rule of Civil Procedure 26(b) states that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to *any party's claim or defense* . . . ." (emphasis added).  Defendant asserts the affirmative defense of bona fide error under the FDCPA.  The FDCPA explicitly requires that a defendant's mistake be the result of a bona fide error "notwithstanding the maintenance of procedures reasonably adapted to avoid any such error."  15 U.S.C. § 1692k(c).  Thus, by asserting this defense, Defendant has put directly at issue its procedures adapted to avoid errors that would violate the statute.  The Court does not have the collection/fee agreements before it; however, Defendant concedes that they contain "information regarding processes and procedures to be employed and used by [Defendant] in the collection of consumer debts for each respective client."  [Docket No. 30, Vician Aff.]  The Seventh Circuit has declared that showing "an agreement with . . . creditor-clients that debts are current" is one way for debt collectors to demonstrate reasonable measures for error prevention. *Turner v. J.V.D.B. & Assoc., Inc.*, 330 F.3d 991, 996 (7th Cir. 2003).  Accordingly, the collection agreements are relevant to Defendant's affirmative defense, and will not be precluded from discovery on this basis.

> **2.  Attorney-Client Privilege.**

Defendant additionally contends that the agreements are not discoverable because they are protected by attorney-client privilege.  [Docket No. 30 at 2-3.]  "The mere assertion of a privilege is not enough; instead, a party that seeks to invoke the attorney-client privilege has the burden of establishing all of its essential elements."  *United States v. BDO Seidman,* 337 F.3d

802, 811 (7th Cir. 2003). The Seventh Circuit has expressly adopted the Wigmore formulation of the attorney-client privilege:

> (1) Where legal advice of any kind is sought (2) from a professional legal advisor in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) except the protection be waived.

*In re Walsh*, 623 F.2d 489, 492 (7th Cir. 1980) (citation omitted). Thus, to invoke the privilege, Defendant must at minimum demonstrate that each of the collection agreements contains confidential communications made in pursuit of legal advice from a legal advisor.

### a.     Defendant's agreement with NAN.

The NAN is a referral network that routes creditor's accounts to collection attorneys. [Docket No. 31, App. A.] Defendant contends that NAN is its client, and says that its agreement with NAN contains privileged information. NAN refers clients to Defendant, but does not appear itself to be a legal client of Defendant. Defendant has not shown that it advises NAN in a legal capacity. The attorney-client privilege cannot exist without an attorney-client relationship. Thus, the collection agreement between Defendant and NAN is not privileged, and Plaintiff is entitled to this discovery.

### b.     Defendant's agreement with HSBC.

While HSBC is a client of Defendant, the question here is the extent to which Defendant serves HSBC in a legal capacity. Generally, "[c]ourts have found that communications are not privileged when the lawyer is retained to do tasks that nonlawyers can also do." Federal Rules of Evidence Manual 501.02 (5)(b). The privilege may not be asserted to shield relevant information from discovery merely because it was communicated to an attorney. "As it is in derogation of the search for truth, the privilege must not be lightly created nor expansively

4

construed." *In re Walsh*, 623 F.2d 489, 493 (7th Cir. 1980). "The purpose of the privilege is to encourage full disclosure and to facilitate open communication between attorneys and their clients . . . . [B]ecause the privilege has the effect of withholding relevant information . . . courts [should] construe the privilege to apply only where necessary to achieve its purpose." Defendant provides the service of debt collection to HSBC; however, debt collection may be provided by non-attorneys as well. *Heintz v. Jenkins*, 514 U.S. 291, 293 (deciding the definition of "debt collector" under the FDCPA extends also to attorney debt collectors (therefore by implication some debt collectors are non-attorneys)). *United States v. BDO Seidman*, 337 F.3d 802, 810-11 (7th Cir. 2003).

Therefore, at issue is the extent to which Defendant's fee/collection agreement with HSBC contains information regarding debt collection practices capable of being performed by only an *attorney* debt collector. Presumably many of the debt collection services provided by Defendant could be performed by someone other than an attorney. Information contained in Defendant's collection agreement with HSBC that pertains to services that could be performed by a non-attorney is not privileged and is discoverable. However, Defendant may redact specific portions of the HSBC agreement pertaining to debt collection processes and procedures to be utilized by legal counsel in collecting a debt. Defendant shall redact its fee/collection agreement with HSBC in good faith and produce this redacted version to Plaintiff. If, following discussions among counsel, Plaintiff believes that these redactions go too far, counsel shall submit both a redacted and unredacted version to the Magistrate Judge, who shall resolve any remaining disputes regarding the scope of redaction.

### B.     Identity of Defendant's contact person at HSBC.

Plaintiff also moves to compel Defendant to disclose the identity of Defendant's contact person at HSBC.  [Docket Nos. 29, 31.]  Defendant did not address this issue in its response to Plaintiff's motion to compel [Docket No. 30], so the request is uncontested.  Because the Court finds this information within the broad scope of Rule 26, Plaintiff's motion is granted in this respect.

### C.     Protective Order.

In its response to Plaintiff's motion to compel, Defendant requests a protective order stating, "[S]ince such agreements clearly contain confidential communications between an attorney and its client . . . this Court should enter an order to protect such communications from being disclosed to the general public." [Docket No. 30 at 5.]  Defendant further requests that an order should be made to "limit the Plaintiff's use of such collection/fee agreements to this case alone, and that any reference or referral to such documentation in pleadings or filing with this Court be made under seal." [*Id.*]  Plaintiff questions the necessity of a protective order, but does not object to entering into such an agreement. [Docket No. 31 at 5, n.2.]  Defendant and Plaintiff may make arrangements with each other regarding use of the discovered documents; however, if Defendant wishes for documents relied upon by the Court to be filed under seal, Defendant must demonstrate to the Court good cause for doing so.  *See Baxter Int'l v. Abbott Labs.*, 297 F.3d 544, 546 (7th Cir. 2002); *Union Oil Co. v. Leavell*, 220 F.3d 562, 567-68 (7th Cir. 2000); *Citizens First Nat'l Bank v. Cincinnati Ins. Co.*, 178 F.3d 943, 944 (7th Cir. 1999).

Defendant's sole argument for seeking a protective order is that the two agreements in dispute are privileged.  The Court already has determined that Defendant's agreement with NAN is not privileged, and that only portions of the agreement between Defendant and HSBC are

privileged.  Thus, Defendant's request for a protective order is granted only for those portions of the agreement between Defendant and HSBC that are privileged.  The parties shall draft an agreed upon protective order, consistent with this order, and file a motion with the Court seeking approval of this protective order.  Such an order may, as Defendant has requested, limit Plaintiff and her attorneys from disclosing the terms of these agreements to third parties, provided, however, that such protections may be lost if these materials are filed with the Court, as such filings cannot be under seal absent good cause.

        **D.**      **Credit report and imaged documents.**

Plaintiff additionally seeks production of a credit report and any other imaged documents in Defendant's files that relate to Plaintiff.  [Docket Nos. 29, 31.]  Defendant claims that it already produced all such documents in existence on June 18, 2008, and that "all of the documents produced by [Defendant] . . . are still available for [Plaintiff's] counsel's inspection and copying."  [Docket No. 30 at 6.]  Plaintiff alleges, however, that in June Defendant merely provided boxes of files in which it admits it got bankruptcy notices, but "not information related to Plaintiff . . . ."  [Docket No. 31 at 5.]  Further, Plaintiff alleges that at three depositions conducted on August 4, 2008, Defendant's witnesses testified that Defendant had a credit report on Plaintiff in its files, but it had not been produced.  [Docket No. 31 at 5.]  Because the credit report was not produced, Plaintiff suspects other imaged documents might similarly have been withheld by Defendant.  Plaintiff specifically requests production of the credit report and any other imaged document that Defendant may have but has not produced.  [Docket Nos. 29, 31.]  Defendant maintains it should not be compelled to produce documents already produced [Docket No. 30 at 6], but does not otherwise object to discovery by Plaintiff.

Defendant attests that "[to] the extent that the documentation requested by Plaintiff exists, then such has been produced to Plaintiff's counsel for review." [Docket No. 30 at 6.] However, it appears from deposition testimony [Docket No. 30, Ex. B] that Defendant has at least failed to produce Plaintiff's credit report. Defendant must produce the credit report, and if Defendant possesses additional imaged documents requested by Plaintiff, they must also be produced.

**IV.   Conclusion.**

Plaintiff's motion to compel discovery [Docket No. 29] is granted in part and denied in part. Defendant's request for a protective order [Docket No. 30] is likewise granted in part and denied in part. Consistent with the foregoing, within 20 days Defendant shall: (1) produce its agreements with NAN and HSBC, but may redact portions of the HSBC agreement pertaining to services exclusively performed by an attorney acting in a legal capacity; and (2) disclose the identity of its contact person at HSBC and produce a copy of Plaintiff's credit report or any other imaged documents requested by Plaintiff but not yet produced.

Dated: 11/26/2008

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Bonnie Christine Dragotto
PHILIPPS & PHILIPPS LTD
bdragotto@aol.com

Steven James Halbert
shalbertlaw@aol.com

David J. Philipps
PHILIPPS & PHILIPPS LTD
davephilipps@aol.com

Mary E. Philipps
PHILIPPS & PHILIPPS, LTD
mephilipps@aol.com

Robert E. Stochel
HOFFMAN & STOCHEL
res@reslaw.org

Glenn S. Vician
BOWMAN, HEINTZ, BOSCIA & VICIAN
bhbv2@netnitco.net